DANIEL C. LAPIDUS (Bar No. 227170)
Email: dan@lapiduslaw.com
JIM D. BAUCH (Bar No. 199454)
Email: jim@lapiduslaw.com
LAPIDUS & LAPIDUS
A PROFESSIONAL LAW CORPORATION
177 SOUTH BEVERLY DRIVE
BEVERLY HILLS, CALIFORNIA 90212
TEL: 310-550-8700
FAX: 310-943-2471

Attorneys for Plaintiff Pamela Day

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA DAY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DUSTIN BOYER, an individual,<br><br>Defendant. | **CASE NO.:**<br><br>**COMPLAINT FOR:**<br><br>(1) **SALE OF UNREGISTERED SECURITIES IN VIOLATION OF FEDERAL LAW;**<br>(2) **SALE OF UNREGISTERED SECURITIES IN VIOLATION OF CALIFORNIA LAW;**<br>(3) **ACTING AS AN UNLICENSED BROKER-DEALER IN VIOLATION OF FEDERAL LAW;**<br>(4) **ACTING AS AN UNLICENSED BROKER-DEALER IN VIOLATION OF CALIFORNIA LAW;**<br>(5) **FALSE AND MISLEADING STATEMENTS IN CONNECTION WITH THE SALE OF A SECURITY IN VIOLATION OF FEDERAL LAW;**<br>(6) **FALSE AND MISLEADING STATEMENTS IN CONNECTION WITH THE SALE OF A SECURITY IN VIOLATION OF CALIFORNIA LAW;**<br>(7) **FRAUD;**<br>(8) **BREACH OF FIDUCIARY DUTY;**<br>(9) **CONVERSION;**<br>(10) **BREACH OF CONTRACT;**<br>(11) **UNJUST ENRICHMENT;**<br>(12) **MONEY HAD AND RECEIVED**<br><br>**DEMAND FOR TRIAL BY JURY** |

COMPLAINT - 1

## THE PARTIES

1.      Plaintiff is a resident of California who resides and does business in this judicial district.

2.      Defendant Dustin Boyer is a resident of California who resides and does business in this judicial district.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over Plaintiff's claims for violation of federal securities laws.   This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise from a common nucleus of operative facts as the federal question claims.

4.      A substantial part of the events and/or omissions giving rise to the claims against Defendant occurred in this judicial district.   Therefore, venue is proper and assignment of this case to the Central District of California is appropriate pursuant to 28 U.S.C. § 1391(b) and (c).

## GENERAL ALLEGATIONS

5.      Defendant contacted Plaintiff and represented to her that Defendant had an opportunity to purchase a $1 million allocation of investment in an entity's initial cryptocurrency coin offering known as MobileCoin.

6.      Defendant represented that he would be willing to sell up to $100,000 of that allocation to Plaintiff, at a 20% markup.  Defendant stressed that he needed to receive funds from Plaintiff immediately to repay Plaintiff's cost of securing the allocation.

7.      At Defendant's request, on December 29, 2018 Plaintiff wired funds into a cryptocurrency trading exchange, exchanged the funds into Ethereum as required by Defendant, and sent her payment to the personal wallet of the Defendant in the form of Ethereum currency.  On January 5, 2018, Defendant

confirmed via email receipt of those payments and represented that Plaintiff owned "$ 97,165 or 97,165 Mobilecoin tokens."

8.      Plaintiff asked Defendant for a confirmation from MobileCoin of her ownership of that position.  Defendant wrote that "[c]onfirmation of the position was sent before [December 31, 2017] when [I] closed the deal (as [I] mentioned.) I covered your portion out of my pocket."

9.      In fact, Defendant had not advanced any funds on Plaintiff's behalf, nor had he forwarded Plaintiff's funds to MobileCoin or anyone else to purchase MobileCoin on Plaintiff's behalf.  Nor did Defendant acquire an interest in MobileCoin on Plaintiff's behalf.

10.      Instead, Defendant held Plaintiff's funds, commingled them with his own, and has retained control of them to this date.  Despite repeated demands, Defendant has refused to return Plaintiff's investment to her.

## FIRST CAUSE OF ACTION
## SALE OF UNREGISTERED SECURITIES IN VIOLATION OF THE SECURITIES ACT OF 1933 – 15 U.S.C. § 77e

11.      Plaintiff incorporates by reference paragraphs 1 through 10 of this Complaint.

12.      Section 77e of Title 15 of the United States Code provides that "[u]nless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly – (1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise. . . ."

13.      MobileCoin is a "security" for purposes of this statute.

14.    Defendant made use of means and instruments of communication in interstate commerce, including but not limited to email communications, text messages, and transfers of electronic currency, to sell MobileCoin to Plaintiff.

15.    No registration statement was in effect for MobileCoin at the times that Plaintiff engaged in these acts.  Accordingly, Defendant is liable under 15 U.S.C. §77l(a)(1) as a person who "offers or sells a security in violation of section 77e of this title."  Defendant is also liable under Section 77l(a)(2) on the grounds that Defendant made untrue statements of material facts and omitted to state material facts in connection with the offer or sale of a security, as described above.

16.    Pursuant to section 77l(a) of Title 15, Plaintiff is entitled "to recover the consideration paid for such security with interest thereon" from Defendant.

## SECOND CAUSE OF ACTION
## SALE OF UNREGISTERED SECURITIES IN VIOLATION OF CALIFORNIA CORPORATIONS CODE

17.    Plaintiff incorporates by reference paragraphs 1 through 16 of this Complaint.

18.    Defendant's actions in offering to sell an allocation of MobileCoin to Plaintiff also constitute violations of California Corporations Code § 25110 and/or § 25120.

19.    Pursuant to California Corporations Code § 25503, Plaintiff is entitled to recover "the consideration [she] paid for such security with interest thereon at the legal rate," or in the alternative, damages.

///
///
///
///

## THIRD CAUSE OF ACTION

### ACTING AS AN UNLICENSED BROKER-DEALER IN VIOLATION OF 15 U.S.C. §78o

20.     Plaintiff incorporates by reference paragraphs 1 through 19 of this Complaint.

21.     Under Section 15 of the Securities Exchange Act, it is unlawful for any broker or dealer to "make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered in accordance with subsection (b) of this section." 15 U.S.C. §78o.

22.     By his actions described above, Defendant acted as a broker and/or dealer in connection with the purported sale of MobileCoin to Plaintiff.

23.     Defendant is not a licensed broker or dealer under the Securities Exchange Act.

24.     Defendant violated Section 15 of the Securities Exchange Act. Accordingly, any contract of sale between Plaintiff and Defendant is void pursuant to 15 U.S.C. § 78cc(b), and Plaintiff is entitled to rescission and restitution of all funds paid to Defendant.

## FOURTH CAUSE OF ACTION

### ACTING AS AN UNLICENSED BROKER-DEALER IN VIOLATION OF CALIFORNIA CORPORATIONS CODE § 25501.5

25.     Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint.

26.     California Corporations Code § 25501.5 provides that "[a] person who purchases a security from or sells a security to a broker-dealer that is

1  required to be licensed and has not, at the time of the sale or purchase, applied for
2  and secured from the commissioner a certificate under Part 3 (commencing with
3  Section 25200 ), that is in effect at the time of the sale or purchase authorizing
4  that broker-dealer to act in that capacity, may bring an action for rescission of the
5  sale or purchase or, if the plaintiff or the defendant no longer owns the security,
6  for damages."

7       27.    By his actions described above, Defendant acted as a broker and/or
8  dealer in connection with the purported sale of MobileCoin to Plaintiff.

9       28.    Defendant was not authorized by the State of California to act as a
10  broker or dealer in connection with the purported sale of MobileCoin to Plaintiff.

11      29.    Accordingly, Plaintiff is entitled to rescind the contract and/or to
12  seek damages from Defendant.

13      30.    Plaintiff is entitled to recover her reasonable attorneys' fees and costs
14  pursuant to California Corporations Code § 25501.5(b).

15

16                        **FIFTH CAUSE OF ACTION**
17      **USE OF FALSE OR MISLEADING STATEMENTS IN CONNECTION**
18                    **WITH THE SALE OF SECURITIES**
19        **IN VIOLATION OF 15 U.S.C. §78j AND 17 C.F.R. §240.10B-5**

20      31.    Plaintiff incorporates by reference paragraphs 1 through 30 of this
21  Complaint.

22      32.    Section 78j of Title 15 of the United States Code provides that "[i]t
23  shall be unlawful for any person . . . (b) To use or employ, in connection with the
24  purchase or sale of any security registered on a national securities exchange or
25  any security not so registered . . . any manipulative or deceptive device or
26  contrivance in contravention of such rules and regulations as the Commission
27  may prescribe as necessary or appropriate in the public interest or for the
28  protection of investors."

33.     17 C.F.R. § 240.10b-5 ("Rule 10b-5") prohibits, among other things, "any device, scheme, or artifice to defraud," "any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading," or "any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person. . . ."

34.     In connection with the sale of the purported MobileCoin allocation to Plaintiff, Defendant made the following material misrepresentations to Plaintiff, via email and text communications: (1) that Defendant had the legal right to purchase a $1 million allocation of MobileCoin on or about December 31, 2017; (2) that Defendant did, in fact, purchase such an allocation on or about that date; (3) that Defendant advanced funds to MobileCoin on behalf of Plaintiff to secure her portion of the allocation.

35.     Each of the above-described representations was false, and was known to Defendant to be false at the time he made them.

36.     Defendant made these material misrepresentations to Plaintiff with the intent of deceiving Plaintiff into believing that there was a purchase opportunity that must be acted upon quickly, and that Plaintiff needed to transfer funds to Defendant immediately to fund the sale or to reimburse Defendant for funds already advanced on her behalf.

37.     Plaintiff reasonably relied upon Defendant's misrepresentations in transferring the purchase price to Defendant.

38.     As a direct and proximate result of Defendant's misrepresentations, Plaintiff has suffered damages in that, among other things, she paid the purchase price to Defendant and did not receive the bargained-for MobileCoin allocation or any other consideration from Defendant.

39.     Defendant's actions violate Rule 10b-5 and thus violate §78j.

1   40.     Plaintiff is entitled to recover from Defendant her actual damages
2   suffered as a result of Defendant's actions.

3

4                        **SIXTH CAUSE OF ACTION**
5   **USE OF FALSE OR MISLEADING STATEMENTS IN CONNECTION**
6                    **WITH THE SALE OF SECURITIES**
7   **IN VIOLATION OF CALIFORNIA CORPORATIONS CODE §§ 25400-01**
8   41.     Plaintiff incorporates by reference paragraphs 1 through 40 of this
9   Complaint.
10   42.     California Corporations Code § 25400 makes it unlawful "to make,
11   for the purpose of inducing the purchase or sale of such security by others, any
12   statement which was, at the time and in the light of the circumstances under
13   which it was made, false or misleading with respect to any material fact, or which
14   omitted to state any material fact necessary in order to make the statements made,
15   in the light of the circumstances under which they were made, not misleading, and
16   which he knew or had reasonable ground to believe was so false or misleading."
17   43.     Section 25401 provides that "[i]t is unlawful for any person to offer
18   or sell a security in this state, or to buy or offer to buy a security in this state, by
19   means of any written or oral communication that includes an untrue statement of a
20   material fact or omits to state a material fact necessary to make the statements
21   made, in the light of the circumstances under which the statements were made, not
22   misleading."
23   44.     In connection with the sale of the purported MobileCoin allocation
24   to Plaintiff, Defendant made the following material misrepresentations to
25   Plaintiff, via email and text communications: (1) that Defendant had the legal
26   right to purchase a $1 million allocation of MobileCoin on or about December 31,
27   2017; (2) that Defendant did, in fact, purchase such an allocation on or about that
28

date; (3) that Defendant advanced funds to MobileCoin on behalf of Plaintiff to secure her portion of the allocation.

45.    Each of the above-described representations was false, and was known to Defendant to be false at the time he made them.

46.    Defendant made these material misrepresentations to Plaintiff with the intent of deceiving Plaintiff into believing that there was a purchase opportunity that must be acted upon quickly, and that Plaintiff needed to transfer funds to Defendant immediately to fund the sale or to reimburse Defendant for funds already advanced on her behalf.

47.    Plaintiff reasonably relied upon Defendant's misrepresentations in transferring the purchase price to Defendant.

48.    As a direct and proximate result of Defendant's misrepresentations, Plaintiff has suffered damages in that, among other things, she paid the purchase price to Defendant and did not receive the bargained-for MobileCoin allocation or any other consideration from Defendant.

49.    Defendant's actions violated sections 25400 and 25401.

50.    Plaintiff is entitled to recover from Defendant her actual damages suffered as a result of Defendant's actions.

## SEVENTH CAUSE OF ACTION
### FRAUD

51.    Plaintiff incorporates by reference paragraphs 1 through 50 of this Complaint.

52.    In connection with the sale of the purported MobileCoin allocation to Plaintiff, Defendant made the following material misrepresentations to Plaintiff, via email and text communications: (1) that Defendant had the legal right to purchase a $1 million allocation of MobileCoin on or about December 31, 2017; (2) that Defendant did, in fact, purchase such an allocation on or about that

date; (3) that Defendant advanced funds to MobileCoin on behalf of Plaintiff to secure her portion of the allocation.

53.    Each of the above-described representations was false, and was known to Defendant to be false at the time he made them.

54.    Defendant made these material misrepresentations to Plaintiff with the intent of deceiving Plaintiff into believing that there was a purchase opportunity that must be acted upon quickly, and that Plaintiff needed to transfer funds to Defendant immediately to fund the sale or to reimburse Defendant for funds already advanced on her behalf.

55.    Plaintiff reasonably relied upon Defendant's misrepresentations in transferring the purchase price to Defendant.

56.    As a direct and proximate result of Defendant's misrepresentations, Plaintiff has suffered damages in that, among other things, she paid the purchase price to Defendant and did not receive the bargained-for MobileCoin allocation or any other consideration from Defendant.

57.    Plaintiff is entitled to recover from Defendant her actual damages suffered as a result of Defendant's actions, in an amount no less than $100,000.

58.    In doing the acts and omissions alleged above, Defendant is guilty of oppression, fraud, and malice, justifying the award of exemplary damages against him.

## EIGHTH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY

59.    Plaintiff incorporates by reference paragraphs 1 through 58 of this Complaint.

60.    Defendant owed Plaintiff a fiduciary duty in connection with the sale of the purported MobileCoin allocation to Plaintiff, by among other things

representing that he would act on Plaintiff's account, hold and advance funds on her behalf, and otherwise assume a position of trust and confidence.

61.    By his actions and omissions described above, Defendant breached his fiduciary duties to Plaintiff.

62.    As a direct and proximate result of Defendant's breaches of fiduciary duty, Plaintiff has suffered damages in that, among other things, she paid the purchase price to Defendant and did not receive the bargained-for MobileCoin allocation or any other consideration from Defendant.

63.    Plaintiff is entitled to recover from Defendant her actual damages suffered as a result of Defendant's actions, in an amount no less than $100,000.

64.    In doing the acts and omissions alleged above, Defendant is guilty of oppression, fraud, and malice, justifying the award of exemplary damages against him.

## NINTH CAUSE OF ACTION
### CONVERSION

65.    Plaintiff incorporates by reference paragraphs 1 through 64 of this Complaint.

66.    Plaintiff entrusted Defendant with $97,165, to be used by Defendant for the express purpose of purchasing a MobileCoin on behalf of Plaintiff.

67.    Defendant, without the permission, authorization, consent or knowledge of Plaintiff, seized and retained the funds deposited by Plaintiff, commingled it with his own, and has refused to return those funds.  Defendant has thus wrongfully converted these funds for his own use.

68.    Plaintiff was, and is, entitled to possession of the funds that Defendant has wrongfully converted, together with all interest, revenues, and proceeds therefrom.

69.     As a direct and proximate result of these actions, Plaintiff has been deprived of her right to use her property, causing damages in an amount according to proof at trial.

70.     In doing the acts and omissions alleged above, Defendant is guilty of oppression, fraud, and malice, justifying the award of exemplary damages against him.

## TENTH CAUSE OF ACTION
## BREACH OF CONTRACT

71.     Plaintiff incorporates by reference paragraphs 1 through 70 of this Complaint.

72.     A contract was formed between Plaintiff and Defendant by email and text message, pursuant to which Defendant agreed to purchase on Plaintiff's behalf up to $100,000 in MobileCoin at a 20% markup, and Plaintiff agreed to transmit the purchase funds to Defendant.

73.     Plaintiff fulfilled all of her obligations under the parties' agreement.

74.     Defendant breached his obligations under the parties' agreement by, among other things, failing to use Plaintiff's funds to purchase any MobileCoin allocation.

75.     Plaintiff validly rescinded the parties' agreement based on Defendant's fraudulent acts and omissions and breaches of contract as described above, however, Defendant failed and refused to return the $97,165 in consideration provided by Plaintiff under the agreement.

76.     Plaintiff has suffered damages as a result of Defendant's breaches of contract and failure to restore Plaintiff's funds, in an amount to be proven at trial but no less than $97,165.

///
///

## ELEVENTH CAUSE OF ACTION

### UNJUST ENRICHMENT

77.    Plaintiff incorporates by reference paragraphs 1 through 76 of this Complaint.

78.    Defendant has received a monetary benefit above and beyond what he is entitled to.

79.    It would be unjust to allow Defendant to retain these additional monetary benefits that properly belong to Plaintiff.

80.    Accordingly, Plaintiff seeks restitution of such unjust funds retained by Defendant in an amount according to proof at trial.

## TWELFTH CAUSE OF ACTION

### MONEY HAD AND RECEIVED

81.    Plaintiff incorporates by reference paragraphs 1 through 80 of this Complaint.

82.    Defendant received money that was intended to be used for the benefit of Plaintiff.

83.    Defendant has not used the money for the benefit of Plaintiff, and has not given the money to Plaintiff.

84.    Accordingly, Plaintiff seeks restitution of such funds.

///
///
///
///
///
///
///
///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **PRAYER**

Plaintiff prays for relief as follows:  for damages according to proof at trial, including but not limited to (1) Plaintiff's actual damages, in an amount no less than $97,165; (2) for exemplary damages as allowed by law; (3) for costs and attorneys' fees as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

DATED: March 7, 2019          LAPIDUS & LAPIDUS
                              A PROFESSIONAL LAW CORPORATION


                              _____
                              DANIEL C. LAPIDUS
                              Attorneys for Plaintiff Pamela Day

COMPLAINT - 14

1

## **DEMAND FOR TRIAL BY JURY**

2          Plaintiff hereby demands a trial by jury of all issues which may be tried to

3   a jury.

4

5   DATED: March 7, 2019               LAPIDUS & LAPIDUS
                                       A PROFESSIONAL LAW CORPORATION
6

7

8                                      _____
                                       DANIEL C. LAPIDUS
9                                      Attorneys for Plaintiff Pamela Day

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT - 15