O

# United States District Court
# Central District of California

| | |
|---|---|
| PAMELA DAY,<br><br>        Plaintiff,<br><br>    v.<br><br>DUSTIN BOYER,<br><br>        Defendant. | Case No. 2:19-cv-01669-ODW (RAOx)<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT [15]** |

## I.  INTRODUCTION

Plaintiff Pamela Day seeks entry of default judgment against Defendant Dustin Boyer. (Appl. for Default J. ("Appl."), ECF No. 15.) For the reasons discussed below, the Court **DENIES** Plaintiff's Application.[1]

## II.  BACKGROUND

Plaintiff Pamela Day initiated this action against Defendant Dustin Boyer on March 7, 2019. (Compl., ECF No. 1.) Day asserts a dozen claims against Boyer for violations of federal securities law and state law related to a cryptocurrency investment she made with Boyer in December 2017.[2] (*See* Compl. ¶¶ 3–10.) On May 13, 2019,

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[2] Day alleges the transaction occurred in December 2018, but also that subsequent events transpired in January 2018. (Compl. ¶ 7.) Thus, the context of Day's allegations places the transaction in 2017.

on Day's request, the Clerk entered default against Boyer. (Req. for Clerk to Enter Default, ECF No. 12; Default by Clerk, ECF No. 13.) Following the Court's Order to Show Cause, Day filed the instant Application for Default Judgment against Boyer. (*See* Appl.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Rules 54(c) and 55, as well as Local Rules 55-1 and 55-2. Fed. R. Civ. P. 54(c), 55; C.D. Cal. L.R. 55-1, 55-2. Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and that (5) the defaulting party was properly served with notice, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1.

If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "[A] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal 2002). In exercising discretion, a court must consider several factors (the "*Eitel* Factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (emphasis added).  Generally, after the Clerk enters default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

**IV.  DISCUSSION**

Day does not comply entirely with the relevant procedural requirements and does not address the *Eitel* factors at all.  Day thus fails to establish that entry of default judgment is appropriate.

**A.  Procedural Requirements**

Day complies with most of the procedural requirements for entry of default judgment.  With her Application, she submits the Declaration of Jim Bauch ("Bauch Declaration") which states that the Clerk entered Default against Boyer on May 13, 2019, as to the Complaint.  (Bauch Decl. ¶¶ 2, 4, ECF No. 15-1.)  Day also submits her own declaration ("Day Declaration"), which states that "Boyer is not a minor or incompetent person, and to the best of [Day's] knowledge, is not in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940."[3]  (Day Decl. ¶ 3, ECF No. 15-2.)  However, although the record in this action does not reflect Boyer's appearance, neither declaration indicates whether Day properly served Boyer with notice of the Application or that Boyer is exempt from service under Rule 55(b)(2).  Consequently, Day has not satisfied the relevant procedural requirements for entry of default judgment.

---

[3] Local Rule 55-1 requires the declarant to indicate "[t]hat the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply."  C.D. Cal. L.R. 55-1.  The Servicemembers Civil Relief Act of 2003 revised and amended the Soldiers' and Sailors' Civil Relief Act of 1940.  *See* 50 U.S.C. §§ 3901–4043.  The Court construes Day's Application and Declaration as referring to the current Act.

**B.    *Eitel* Factors**

Even had Day satisfied the procedural requirements, she does not address the *Eitel* factors at all. "[D]efault judgments are ordinarily disfavored." *Eitel*, 782 F.2d at 1472. Where the *Eitel* factors favor default judgment, a court may grant its entry. *See id.*; *PepsiCo*, 238 F. Supp. 2d at 1174. Here, in ignoring established legal precedent, Day has failed to establish that entry of default judgment is appropriate as to any of her claims. Accordingly, the Court **DENIES** Day's Application.

## V.    CONCLUSION

For the reasons discussed above, the Court **DENIES** Day's Application for Entry of Default Judgment. (ECF No. 15.)

To the extent Day desires to reapply for entry of default judgment, she must file her motion **no later than August 5, 2019.** Any motion for entry of default judgment must properly address all of the procedural and legal factors noted above. Specifically, Day is advised to address the *Eitel* factors and clearly indicate whether entry of default judgment is appropriate as to each cause of action asserted. **Failure to file a timely Motion for Entry of Default Judgment will result in the Clerk of the Court closing the case without further notice.**

**IT IS SO ORDERED.**

July 9, 2019

_____
                    **OTIS D. WRIGHT, II
             UNITED STATES DISTRICT JUDGE**