O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| PAMELA DAY,<br><br>    Plaintiff,<br><br>    v.<br><br>DUSTIN BOYER,<br><br>    Defendant. | Case No. 2:19-cv-01669-ODW (RAOx)<br><br>**ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT [20]** |

## I. INTRODUCTION

Plaintiff Pamela Day moves for entry of default judgment against Defendant Dustin Boyer ("Motion"). (Renewed Mot. for Default J. ("Mot."), ECF No. 20.) For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion.[1]

## II. BACKGROUND

Plaintiff Pamela Day initiated this action against Defendant Dustin Boyer on March 7, 2019. (Compl., ECF No. 1.) Day asserts a dozen claims against Boyer for violations of federal securities law and state law related to a cryptocurrency investment she made with Boyer in December 2017. (*See* Compl. ¶¶ 3–10.) Day alleges that Boyer represented to her that Day could purchase an allocation of MobileCoin's initial

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

cryptocurrency coin offering. (Compl. ¶¶ 5–7.) For that purpose, Day wired Boyer $97,165 and, on January 5, 2018, Boyer confirmed receipt of the funds and Day's ownership of "$97,165 or 97,165 Mobilecoin tokens." (Compl. ¶ 7.) However, Day alleges that Boyer did not invest her money as promised but instead kept it for himself, comingled it with his own funds, and refuses to return her money. (Compl. ¶¶ 9–10.)

On May 13, 2019, on Day's request, the Clerk entered default against Boyer. (Req. for Clerk to Enter Default, ECF No. 12; Default by Clerk, ECF No. 13.) Following the Court's Order to Show Cause, Day filed an Application for Default Judgment against Boyer. (*See* Appl. for Default J., ECF No. 15.) After the Court denied Day's first Application, Day filed the instant Renewed Motion for Entry of Default Judgment. (*See* Mot.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in FRCP 54(c) and 55, as well as Local Rules 55-1 and 55-2. Fed. R. Civ. P. 54(c), 55; C.D. Cal. L.R. 55-1, 55-2. Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and that (5) the defaulting party was properly served with notice, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1.

If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "[A] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal 2002). In exercising discretion, a court must consider several factors (the "*Eitel*

Factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the [FRCP] favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Generally, after the Clerk enters default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

## IV.   DISCUSSION

The Court will first address the threshold procedural requirements and then turn to the substantive factors for default judgment.

### A.   Procedural Requirements

The Court finds that Day has complied with the relevant procedural requirements for the entry of a default judgment. Day submits declarations attesting that: the Clerk entered a default on May 13, 2019, against Boyer as to the original Complaint; Boyer is not a minor or incompetent person; the Servicemembers Civil Relief Act does not apply; and Day served Boyer with notice of this Motion, although not required under Rule 55(b)(2). (Decl. of Jim Bauch ("Bauch Decl.") ¶¶ 2–5, ECF No. 20-2; Decl. of Pamela Day ("Day Decl.") ¶ 3, ECF No. 20-1.) Accordingly, the procedural requirements are satisfied.

### B.   *Eitel* Factors

The Court finds that the *Eitel* factors weigh in favor of entering a default judgment as to certain of Day's causes of action, as discussed below. The Court addresses each factor in turn.

### 1. Possibility of Prejudice to Plaintiff

The first *Eitel* factor asks whether the plaintiff will suffer prejudice if a default judgment is not entered. *Eitel*, 782 F.2d at 1471. Denial of default leads to prejudice when it leaves a plaintiff without a remedy or recourse to recover compensation. *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010); *PepsiCo*, 238 F. Supp. 2d at 1177. Boyer has failed to appear or participate in this action. Absent entry of default judgment, Day is without recourse to recover. Accordingly, this factor weighs in favor of default judgment.

### 2. Substantive Merits & 3. Sufficiency of the Complaint

The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (alteration in original) (quoting *PepsiCo*, 238 F. Supp. 2d at 1175). Although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). To weigh these two factors, the Court must evaluate the merits of each cause of action.

i. <u>Sale of Unregistered Securities in Violation of Federal Law</u>

Day alleges a first claim against Boyer for selling unregistered securities in violation of federal statute 15 U.S.C. § 77l. (Compl. ¶¶ 11–16.) Per section 77l, "any person who offers or sells a security in violation of section 77e of this title . . . shall be liable . . . to the person purchasing such security." 15 U.S.C. § 77l. Section 77e states that "[u]nless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly . . . to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security." 15 U.S.C. § 77e. Day alleges that MobileCoin is a security and had no registration statement in effect when Boyer made use of email and text message communications to sell MobileCoin to Day. (Compl. ¶¶ 13–15.) Accepting as true the

well-pleaded factual allegations in the Complaint, Day sufficiently states a claim for sale of unregistered securities in violation of federal law.

ii. Sale of Unregistered Securities in Violation of California Law

Day also alleges a second claim for sale of unregistered securities pursuant to California law. (Compl. ¶¶ 17–19.) Pursuant to section 25110 of the California Corporations Code, "[i]t is unlawful for any person to offer or sell in this state any security in an issuer transaction . . . unless such sale has been qualified under Section 25111, 25112 or 25113 . . . or unless such security or transaction is exempted or not subject to qualification under Chapter 1." Cal. Corp. Code § 25110; *see Sadek v. Von Koenigsegg*, No. 8:19-CV-00784-JLS-ADS, 2019 WL 6391532, at *2 (C.D. Cal. Aug. 13, 2019). This includes sale of unregistered securities. *Wong v. Tomaszewski*, No. 2:18-CV-00039-MCE-AC, 2018 WL 4628269, at *5 (E.D. Cal. Sept. 27, 2018). Pursuant to section 25503 of the California Corporations Code, Day may recover "consideration [she] paid for such security with interest." Cal. Corp. Code § 25503. As discussed above, Boyer sold unregistered securities and, accordingly, Day sufficiently states a claim for sale of unregistered securities under California law.

iii. Acting as an Unlicensed Broker-Dealer in Violation of Federal Law

Day brings her third claim against Boyer for acting as an unlicensed broker-dealer in contravention to federal law. (Compl. ¶¶ 20–24.) "The Exchange Act requires, among other things, that broker-dealers register with the Commission before engaging in securities transactions." *Milliner v. Mut. Sec., Inc.*, 207 F. Supp. 3d 1060, 1064 (N.D. Cal. 2016); 15 U.S.C. § 78o. Thus, it is illegal "for a 'broker' to effect any transaction in, or to induce or attempt to induce the purchase or sale of any security unless such broker is registered with the [Securities Exchange] Commission or, in the case of a natural person, is associated with a registered broker-dealer." *Hines v. Cal. Pub. Utilities Comm'n*, No. C-10-2813 EMC, 2011 WL 2066614, at *3 (N.D. Cal. May 25, 2011).

Day alleges that her contract should be void because Boyer was an unlicensed broker-dealer. (Compl. ¶ 24.) However, her pleadings are internally inconsistent as she also alleges the parties had a valid contract, which Boyer breached. (Compl. ¶ 72.) As the Court finds *infra* that Day adequately pleaded her breach of contract claim, it declines to find that Day is entitled to restitution and recession on this claim. *Hedging Concepts, Inc. v. First All. Mortg. Co.*, 41 Cal. App. 4th 1410, 1420 (1996) ("When parties have an actual contract covering a subject, a court cannot—even under the guise of equity jurisprudence—substitute its own concepts of fairness regarding that subject in place of the parties' own contract.")

iv. <u>Acting as an Unlicensed Broker Dealer Against California Law</u>

Day raises the same claim under California law as her fourth cause of action. (Compl. ¶¶ 25–30.) Pursuant to California Corporations Code section 25501.5, "[a] person who purchases a security from or sells a security to a broker-dealer that is required to be licensed and has not . . . may bring an action for rescission of the sale or purchase or . . . for damages." Cal. Corp. Code § 25501.5. As discussed above, the Court does not find Day may recover on this basis.

v. <u>False or Misleading Statement in Violation of Federal Law</u>

Day asserts a fifth cause of action against Boyer for making false or misleading statements in connection with the sale of securities in violation of 15 U.S.C. § 78j and 17 C.F.R. § 240.10B-5. (Compl. ¶¶ 31–40.) Determining a cause of action for securities fraud under § 78j and Rule 10b-5 requires a showing of "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1206 (9th Cir. 2016) (citing *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 810 (2011)).

Securities fraud claims must satisfy the heightened pleadings standards of Federal Rule of Civil Procedure 9(b). *Id.* at 1205. Under Rule 9(b), "an allegation of

fraud or mistake must state with particularity the circumstances constituting fraud." *Petersen v. Allstate Indem. Co.*, 281 F.R.D. 413, 415–16 (C.D. Cal. 2012) (citing Fed. R. Civ. P. 9(b)). This heightened pleading standard requires "that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). Specifically, the plaintiff must allege the "who, what, when, where, and how" of the fraudulent activity. *Id.* Yet, "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Day alleges that Boyer made the following three material misrepresentations: "(1) that Defendant had the legal right to purchase a $1 million allocation of MobileCoin on or about December 31, 2017; (2) that Defendant did, in fact, purchase such an allocation on or about that date; (3) that Defendant advanced funds to MobileCoin on behalf of Plaintiff to secure her portion of the allocation." (Compl. ¶ 34.) Day alleges that Boyer made the misrepresentations to Day with the intent of deceiving her, and Day relied on the misrepresentations in transferring the purchase price to Boyer. (Compl. ¶¶ 35–38.) Accepting as true the well-pleaded factual allegations in the Complaint, Day has adequately pleaded her claim for false or misleading statements in connection with the sale of securities, in violation of federal law.

vi. <u>False or Misleading Statement in Violation of California Law</u>

Day brings a similar claim under California law as her sixth cause of action. (Compl. ¶¶ 41–50.) Pursuant to California Corporations Code section 25400, it is illegal to "make, for the purpose of inducing the purchase or sale of such security by others, any statement which was, at the time and in the light of the circumstances under which it was made, false or misleading with respect to any material fact." Cal. Corp. Code § 25400(d). Remedy under this code section is "limited to suits by buyers or sellers of securities." *Irving Firemen's Relief & Ret. Fund v. Uber Techs.*, No. 17-CV-05558-HSG, 2018 WL 4181954, at *3 (N.D. Cal. Aug. 31, 2018). As *supra*, the Court finds

Day states a claim for false or misleading statements in connection with the sale of securities, in violation of California law.

    vii.    <u>Fraud</u>

Day brings a seventh cause of action for fraud. (Compl. ¶¶ 51–58.) The elements of fraud are "(a) misrepresentation (false representation, concealment, or nondisclosure)"; (b) scienter or knowledge of falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). Day adequately pleads the facts and circumstances giving rise to the fraud claim, establishing each element of the claim. Day realleges the three misrepresentations discussed above (Compl. ¶ 52); that Boyer knew the statements were false and intended to induce Day's reliance on them (Compl. ¶¶ 53–54); and that Day reasonably relied on Boyer's misrepresentations and has suffered resulting damages (Compl. ¶¶ 55–56). Accepting as true the well-pleaded factual allegations in the Complaint, Day has stated a claim for fraud.

    viii.    <u>Breach of Fiduciary Duty</u>

Day asserts an eighth cause of action for breach of fiduciary duty. (Compl. ¶¶ 59–64.) "A claim for breach of fiduciary duty requires the following elements be shown: (1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damages." *Slaieh v. Simons*, 584 B.R. 28, 41 (C.D. Cal. 2018). Day alleges that Boyer owed Day a fiduciary duty in connection with the sale of MobileCoin, because he represented that the would act on Day's behalf. (Compl. ¶ 60.) Boyer breached this duty by holding Day's funds and comingling them with his own, and retaining control of them to date despite Day's demands that he return them to her. (Compl. ¶¶ 10, 61.) Finally, Day suffered the loss of her purchase price. (Compl. ¶ 62.) Accepting as true the well-pleaded factual allegations in the Complaint, Day has stated a claim for breach of fiduciary duty.

### ix. Conversion

Day asserts a ninth cause of action for conversion. (Compl. ¶¶ 65–70.) The elements of conversion are: "[1] ownership or right to possession of property; [2] wrongful disposition of that property right; and [3] monetary damages." *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1003 (N.D. Cal. 2001) (alterations in original). Day alleges she entrusted Boyer with her currency to purchase MobileCoin; however, Boyer "seized and retained the funds [and] commingled it with his own." (Compl. ¶¶ 66–67.) Day seeks damages in the amount of the lost currency. (Compl. ¶ 69, p.14.) Accepting as true the well-pleaded factual allegations in the Complaint, Day has sufficiently stated a claim for conversion.

### x. Breach of Contract

Day brings a tenth claim for breach of contract. (Compl. ¶¶ 71–76.) Under California law, the elements of breach of contract are: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). Day alleges that a contract was formed between herself and Boyer through a series of emails and text messages, "pursuant to which [Boyer] agreed to purchase on [Day's] behalf up to $100,000 in MobileCoin at a 20% markup, and [Day] agreed to transmit the purchase funds to [Boyer]." (Compl. ¶ 72.) Day alleges she satisfied all of her obligations under their agreement, but Boyer breached by failing to purchase any MobileCoin allocation. (Compl. ¶¶ 73–74.) Day suffered damages in the amount of the purchase price, $97,165. (Compl. ¶ 76.) Accepting as true the well-pleaded factual allegations in the Complaint, Day has stated a claim for breach of contract.

### xi. Unjust Enrichment

Day alternatively brings an eleventh claim for unjust enrichment. (Compl. ¶¶ 77–80.) Generally, unjust enrichment applies only in the absence of an adequate remedy at law. *See Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir.

1996). If two parties possess a valid and enforceable written contract, the plaintiff may not typically proceed on a quasi-contract claim. *See Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.*, 94 Cal. App. 4th 151, 172 (2001); *see also Pinel v. Aurora Loan Servs., LLC*, 814 F. Supp. 2d 930, 944 (N.D. Cal. 2011). As Day may recover under her previously discussed breach of contract claim, she may not recover under her unjust enrichment claim.

    xii.   <u>Money Had and Received</u>

Finally, Day alleges a twelfth claim for money had and received. (Compl. ¶¶ 81–84.) The elements for a claim for money had and received are "(1) defendant received money; (2) the money defendant received was for plaintiff's use; and (3) defendant is indebted to plaintiff." *Lincoln Nat'l Life Ins. Co. v. McClendon*, 230 F. Supp. 3d 1180, 1190 (C.D. Cal. 2017). The claim can be brought for "money paid by mistake, money paid pursuant to a void contract, or—as relevant here—a performance by one party of an express contract." *Hendrickson v. Octagon Inc.*, 225 F. Supp. 3d 1013, 1032 (N.D. Cal. 2016) (internal quotation marks omitted). Day alleges that Boyer received money to purchase MobileCoin on her behalf but failed to do so and refuses to return her funds. (Compl. ¶¶ 82–83.) Accepting as true the well-pleaded factual allegations in the Complaint, Day has stated a claim for money had and received.

Plaintiff has stated several claims on which she may recover. As such, the second and third *Eitel* factors favor default judgment.

    *4. Amount at Stake*

The fourth *Eitel* factor balances the amount of money at stake with the "seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176; *Eitel*, 782 F.2d at 1471. The amount at stake must be proportionate to the harm alleged. *Landstar*, 725 F. Supp. 2d at 921. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's action." *Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).

Day seeks compensatory damages in the amount of $97,165, the exact amount Boyer stole per the allegations in the complaint, and punitive damages in the amount of $291,495, three times the amount of compensatory damages. (Mot. 18.) The Court finds the amount at stake to be proportionate to Boyer's conduct. *See Guadarrama v. Chadorbaff*, No. SA CV 17-0645-DOC-JDEx, 2018 WL 5816191, at *11 (C.D. Cal. Apr. 30, 2018) (finding appropriate a one to three ratio of compensatory to punitive damages and citing cases that concur). Consequently, this factor favors of entry of default judgment.

### 5. *Possibility of Dispute*

The fifth *Eitel* factor considers the possibility that material facts are in dispute. *PepsiCo*, 238 F. Supp. 2d at 1177. Because the allegations in Day's Complaint are presumed true, Boyer's failure to appear in this action results in a finding that "no factual disputes exist that would preclude entry of default judgment." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1013 (C.D. Cal. 2014). Accordingly, this factor favors entry of default judgment.

### 6. *Possibility of Excusable Neglect*

The sixth *Eitel* factor considers the possibility that a defendant's default is the result of excusable neglect. *PepsiCo,* 238 F. Supp. 2d at 1177. Day served Boyer with the Complaint on April 18, 2019. (Proof of Service, ECF No. 10.) Boyer also received notice of the instant motion. (Bauch Decl. ¶ 5.) Boyer thus was on notice and failed to respond. No facts before the Court indicate that Boyer's default is due to excusable neglect. As such, this factor favors entry of default judgment.

### 7. *Policy Favoring Decisions on the Merits*

"[D]efault judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). However, where the defendant fails to answer the plaintiff's complaint, "a decision on the merits [is] impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. Because Boyer

failed to appear or otherwise respond, a determination on the merits is impossible. Accordingly, this factor does not preclude entry of default judgment.

On balance, the *Eitel* factors support entry of default judgment. As such, the Court **GRANTS** Day's Renewed Motion for Default Judgment as to the causes of action indicated above as sufficiently stated.

## C. Damages

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes*, 559 F.2d at 560; *see also Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1079 (C.D. Cal. 2012) ("[A]llegations of the amount of damages suffered are not necessarily taken as true."). However, conclusory declarations alone are insufficient to support the amount of damages in a default judgment. *See Rubicon Glob. Ventures, Inc. v. Chongquing Zongshen Grp. Imp./Exp. Corp.*, 630 F. App'x 655, 658 (9th Cir. 2015) (vacating the default judgment in part where plaintiffs' own conclusory declarations were the basis of the damages calculation and a hearing was not held).

Day seeks $97,165 in compensatory damages. (Mot. 18.) She substantiates her claim of damages with a declaration stating that she paid Boyer $97,165 for MobileCoin and attached emails and documents, including a wire confirmation, confirming that she did so. (*See* Day Decl. ¶ 6, Exs. A–B.) Thus, the Court finds the attached evidence satisfactory and awards **$97,165** in compensatory damages.

Day also seeks punitive damages in the amount of $291,495—three times the amount of compensatory damages. (Mot. 18.) Claims for fraud and conversion can support an award for punitive damages. *Guadarrama*, 2018 WL 5816191, at \*8–\*9; *Brantley v. Boyd*, No. C 07-6139 MMC, 2013 WL 3766911, at \*9 (N.D. Cal. July 16, 2013). However, "[w]hen punitive damages are sought by default judgment, the court must have independent evidence to support the award because punitive-damages-worthy conduct alleged in a complaint is not regarded as admitted by default." *Guadarrama*, 2018 WL 5816191, at \*8. To determine whether punitive damages

should be awarded for claims of fraud, courts in the Ninth Circuit consider: "(1) the reprehensibility of defendant's acts; (2) the amount of compensatory damages awarded; and (3) the wealth of the defendant." *Id.* at *9 (citing *Prof'l Seminar Consultants, Inc. v. Sino Am. Tech Exch. Council, Inc.*, 727 F. 3d 1470 (9th Cir. 1984)); *see also Brantley*, 2013 WL 3766911, at *9.

Here, Day fails to satisfy her evidentiary burden. She attached as an exhibit an email chain between herself and Boyer in which she confirmed her wire transfer to Boyer and Boyer responded "[g]reat, . . . I've got you reserved for 100k." (Day Decl. Ex. A.) In an email five days later, Boyer confirms that he received her Ether currency, indicates that he will forward her updates, instructs her to create a "stellar wallet to collect the tokens," and recommends they "sit down for wine and figure it out in a couple of weeks." (Day Decl. Ex. B.) From the evidence presented, Day fails to demonstrate any malice in Boyer's actions. As the record is insufficient to ascertain the reprehensibility of Boyer's conduct or Boyer's wealth, the Court declines to award punitive damages. *Rath v. Defy Media, LLC*, No. 2:18-CV-09624-ODW-RAOx, 2019 WL 3067198, at *8 (C.D. Cal. July 12, 2019) (declining to award punitive damages where "the record is insufficient to support a punitive damage award").

**D.  Attorneys' Fees and Costs**

Day requests $11,373.20 in attorney's fees and $381.73 in costs. (Mot. 19.) Local Rule 55-3 sets out a schedule to calculate attorney's fees. C.D. Cal. L.R. 55-3; *see e.g. Constr. Laborers Tr. Funds for S. California Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 1192, 1203 (C.D. Cal. 2018) (awarding attorneys' fees pursuant to Local Rule 55-3). As the Court awards $97,165 in compensatory damages, the schedule in Local Rule 55-3 grants Day $3600 plus 4% of the amount over $50,000. C.D. Cal. L.R. 55-3. Accordingly, the Court calculates the appropriate fee to be: $3600 + (4% x $47,165) = $5486.60. Accordingly, the Court grants in **$5486.60** attorneys' fees. The Court additionally awards the **$381.73** in costs, as supported by the Declaration of Jim Bauch. (Bauch Decl. ¶ 6.)

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Renewed Motion for Entry of Default Judgment as to Day's first, second, fifth, sixth, seventh, eighth, ninth, tenth, and twelfth claims. (ECF No. 20.) The Court **DENIES** Day's Motion as to her third, fourth, and eleventh claims. The Court awards:

1. **$97,165** in compensatory damages;
2. **$5486.60** attorneys' fees; and
3. **$381.73** in litigation costs.

The Court will issue Judgment.

**IT IS SO ORDERED.**

January 21, 2020

$\qquad$

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**