O
JS-5

# United States District Court
# Central District of California

PAMELA DAY,

        Plaintiff,

    v.

DUSTIN BOYER,

        Defendant.

Case №. 2:19-cv-01669-ODW (RAOx)

**ORDER GRANTING MOTION TO SET ASIDE DEFAULT JUDGMENT [33]**

## I.    INTRODUCTION

The Court previously granted in part Plaintiff Pamela Day's Renewed Motion for Entry of Default Judgment. (Order Granting Default J., ECF No. 22.) Defendant Dustin Boyer moves to set aside the default judgment. ("Motion"). (Mot. to Set Aside Default J. ("Mot."), ECF No. 33.) The Motion is fully briefed. (*See* Opp'n, ECF No. 46; Reply, ECF No. 48.) For the following reasons, the Court **GRANTS** Boyer's Motion.[1]

## II.    BACKGROUND

**A.    Factual Background**

Day and Boyer were involved in a cryptocurrency ("MobileCoin") investment that fell through. (*See* Mot. 9–14; Decl. of Dustin Boyer ("Boyer Decl.") ¶¶ 4–21,

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

1   ECF No. 34; Compl. ¶¶ 5–10, ECF No. 1.)  Through a friend, Boyer received an
2   opportunity to invest $1 million in a new cryptocurrency called MobileCoin.  (Boyer
3   Decl. ¶ 6.)  The initial cryptocurrency offering ("ICO") was scheduled to close on
4   December 31, 2017.  (*Id.*)  To invest in the MobileCoin ICO, investors purchased
5   Ethereum, an existing cryptocurrency, and deposited it into a publicly viewable digital
6   wallet that Boyer had created.  (*Id.* ¶ 7.)

7         At the end of December, Day and Boyer communicated regarding Day's
8   interest in participating in the MobileCoin ICO and Day deposited her Ethereum into
9   Boyer's digital wallet for that purpose.  (Compl. ¶ 7; Boyer Decl. ¶¶ 10–14.)  Boyer
10  asserts he informed Day that (1) the initial ICO closing date had been extended to an
11  unspecified date; (2) the terms of the ICO were subject to change; (3) the MobileCoin
12  was not a security; and (4) cryptocurrency investments were very risky and Boyer did
13  not recommend it.  (Boyer Decl. ¶¶ 11–13.)  Additionally, Boyer contends that he
14  provided Day with the draft Simple Agreement for Future Token ("SAFT"), which set
15  out the proposed terms of the ICO.  (*Id.* ¶¶ 12, 17.)  The SAFT stated the MobileCoin
16  was not a security, the ICO's terms were not yet final, and specified there were
17  significant risks involved.  (*Id.*)

18        Day alleges that, on January 5, 2018, Boyer confirmed that he had advanced the
19  Ethereum and purchased the MobileCoin on Day's behalf.  (Compl. ¶¶ 7–8.)  She
20  claims that Boyer comingled her funds with his and, when the ICO did not proceed,
21  Boyer refused to return her investment.  (*See id.* ¶ 10.)  Boyer asserts he never told
22  Day that he had purchased the MobileCoin on her behalf because the purchase was not
23  possible until the ICO closed, which never happened.  (*See* Boyer Decl. ¶¶ 14, 17, 18.)
24  He contends he never commingled Day's investment and has attempted to return
25  Day's Ethereum, to no avail.  (*See id.* ¶¶ 19–24.)  When the ICO did not proceed,
26  Boyer refunded the other investors' Ethereum by moving the Ethereum into digital
27  wallets each investor created for this purpose or to other websites the investors
28  designated to receive the cryptocurrency.  (*Id.* ¶ 18.)  However, Boyer asserts that Day

1  refused to provide him with a digital wallet to which Boyer could refund the
2  Ethereum. (*Id.* ¶¶ 9, 18.) Consequently, he created a wallet for Day and transferred
3  her Ethereum there, where it remains to this day. (*Id.* ¶¶ 9, 18–24.)

**B.    Procedural Background**

On March 7, 2019, Day filed this lawsuit. (*See* Compl.) Day asserted twelve causes of action against Boyer including: sale of unregistered securities (claims one and two), acting as an unlicensed broker-dealer (three and four), false or misleading statements in connection with the sale of securities (five and six), fraud (seven), breach of fiduciary duty (eight), conversion (nine), breach of contract (ten), unjust enrichment (eleven), and money had and received (twelve). (*Id.* ¶¶ 11–84.) When Boyer did not timely respond to the Complaint, after prompting from the Court, Day requested entry of default, which the Clerk entered on May 13, 2019. (Req. Entry Default, ECF No. 12; Default, ECF No. 13.) After further prompting from the Court, Day moved for entry of default judgment. (Appl. Default J., ECF No. 15.) The Court denied Day's first motion for entry of default judgment as deficient, and she subsequently renewed the motion. (Renewed Mot. Entry Default J., ECF No. 20.) On January 21, 2020, the Court granted in part Day's renewed motion. (Order Granting Default J. 14.) The Court entered judgment for Day on her first, second, fifth through tenth, and twelfth causes of action. (*Id.*)

In late February 2020, Boyer learned of the default judgment through a mutual friend. (Boyer Decl. ¶ 25.) He moved to set aside the default judgment in July 2020. (*See* Mot.) Boyer seeks to set aside the default judgment under Federal Rule of Civil Procedure ("Rule") 60(b)(1) based on excusable neglect. (*See id.* at 7.)

### III.    LEGAL STANDARD

"Motions to vacate a default judgment . . . are cognizable under [Rule] 60(b)." *TCI Grp Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147–50 (2001). "Rule 60(b)(1) . . . grants district courts discretion to relieve a party from a judgment

or order for reason of 'mistake, inadvertence, surprise, or excusable neglect.'" *Id.* "Although the application of Rule 60(b) is committed to the discretion of the district courts," the Ninth Circuit has explained that, "as a general matter, Rule 60(b) is 'remedial in nature and . . . must be liberally applied.'" *Id.* at 695–96 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). "More specifically, in applying the general terms of Rule 60(b) to default judgments, [the Ninth Circuit] has emphasized that such judgments are 'appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Id.* at 696 (quoting *Falk*, 739 F.2d at 463).

The factors that govern lifting entries of default under Rule 55(c), sometimes referred to as the "*Falk* factors," also govern vacating a default judgment under Rule 60(b). *Id.* at 696–97 ("[T]he *Falk* factors are . . . quite sufficient . . . to guide district courts' exercise of discretion under Rule 60(b)(1) in the context of default judgments."). The court may deny a motion to set aside an entry of default judgment if the moving party fails to meet its burden as to any of the three factors: (1) the moving party's culpable conduct leading to the default; (2) the moving party's meritorious defense; or (3) the nonmoving party's prejudice from setting aside the default. *See id.* at 696. However, "it would still be within a district court's discretion to grant the motion." *Yagman v. Galipo*, No. CV 12-7908-GW (SHx), 2013 WL 1287409, at *9 (C.D. Cal. Mar. 25, 2013) (citing *Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1112 (9th Cir. 2011) (affirming district court's setting aside of default judgment where, although defendant's conduct was culpable, defendant had meritorious defenses and plaintiff would not be prejudiced)). "[W]here [a] defendant seeks timely relief from the judgment and has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment." *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

## IV.   DISCUSSION

Boyer contends the *Falk* factors favor setting aside the default judgment. (Mot. 7.)  Day asserts Boyer's Motion is untimely and that Boyer fails to meet his

burden under the *Falk* factors. (Opp'n 6–8.) The Court first considers the timeliness of Boyer's Motion before turning to the *Falk* factors.[2]

**A. Timeliness**

A motion for relief under Rule 60(b) must be made within a reasonable time, and if based on excusable neglect, no more than one year after entry of judgment. Fed. R. Civ. P. 60(c)(1). However, if the court finds that "the defendant was guilty of laches or unreasonable delay," the court *may* find the motion untimely even if it was made within a year. *Meadows*, 817 F.2d at 520–21. Whether a delay is reasonable "depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam).

Boyer brought his Motion six months after entry of judgment and five months after he claims to have learned of it, both durations well within the presumptive one-year timeframe of Rule 60(c). Further, the Court does not find the delay unreasonable in light of all circumstances. The Court entered judgment on January 21, 2020. (J., ECF No. 23.) Boyer asserts that he did not learn of the lawsuit until a mutual friend informed him of the default judgment in late February 2020, after he had moved across country from California to Massachusetts. (Boyer Decl. ¶¶ 25–26.) He explains that, following the move, it took time to raise funds and obtain counsel to file the Motion, which was filed as soon as possible, on July 17, 2020. (*Id.*) Additionally, a world-wide pandemic was ongoing during this time, and continues to disrupt lives and businesses today.[3] Further, although the interest in finality here may

---

[2] The Court **DENIES** Boyer's Request for Judicial Notice (ECF No. 35) because the Court need not judicially notice documents in filed in this matter to consider them. *See Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015) ("An accurate citation will suffice."). The Court does not reach Boyer's Evidentiary Objections (ECF No. 48-2) because the Court does not rely on the statements to which Boyer objects in resolving the Motion.

[3] *See* World Health Organization, *Timeline: WHO's COVID-19 response*, https://www.who.int/emergencies/diseases/novel-coronavirus-2019/interactive-timeline (last visited Dec. 31, 2020);

be heightened because the time for appeal has passed, that interest is also reduced because there is no decision on the merits. *See Ashford*, 657 F.2d at 1055 (noting that when the time for appeal has passed, the interest in finality is heightened); *TCI Grp.*, 244 F.3d at 696 (explaining that, where there has been *no* merits decision, "the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute"). Finally, as discussed further below, Day has not shown that she will be prejudiced if the Court sets aside the default judgment.

Considering the totality of circumstances, the Court cannot find the five-month delay here "unreasonable." *See Gravatt v. Paul Revere Life Ins. Co.*, 101 F. App'x 194, 196 (9th Cir. 2004) (finding six-month delay not unreasonable where the record reflected no prejudice to the opposing party, "the most important factor"); *cf. Brafman v. Nationwide Mut. Ins. Co.*, 606 F. App'x 374, 375–76 (9th Cir. 2015) (affirming finding that eleven-month delay was unreasonable, despite reason of attorney's illness, where party was aware of litigation and failed to take numerous opportunities to engage in action before dismissal). Accordingly, the Court declines to reject Boyer's Motion as untimely.

**B.      The *Falk* Factors**

Next, the Court examines the *Falk* factors: (1) Boyer's culpable conduct leading to the default; (2) Boyer's meritorious defenses; and (3) Day's prejudice. *TCI Grp.*, 244 F.3d at 696. On balance, and in light of the strong policy that a case should, whenever possible, be decided on the merits, *see Falk*, 739 F.2d at 463, the Court finds the default judgment should be set aside.

*1.      Culpability*

"[N]eglect may be excusable when the defendant can provide a 'credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'"

---

Center for Disease Control, *Things You Need to Know*, https://www.cdc.gov/coronavirus/2019-ncov/your-health/need-to-know.html (last visited Dec. 31, 2020).

*Yagman*, 2013 WL 1287409, at *10 (quoting *TCI Grp.*, 244 F.3d at 697). In contrast, neglect is typically inexcusable when "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Grp.*, 244 F.3d at 698. Courts have considered a "bevy of equitable considerations," including travel, familiarity with the legal process, and consultation with lawyers. *Id.* at 697–700 (summarizing cases considering these factors). Ultimately, a defendant's "careless failure to timely respond to a complaint does not rise to the level of intentional, culpable conduct unless other equitable factors weigh heavily against setting aside a default." *Whitaker v. GGET Larchmont LLC*, No. CV 19-9411-DMG (JCx), 2020 WL 1972291, at *2 (C.D. Cal. Mar. 17, 2020) (citing *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010)).

Here, Boyer's failure to respond appears to be the result of carelessness and negligence, not necessarily bad faith. In January 2019, Day's attorney informed Boyer that Day was considering filing a lawsuit. (Decl. of Jim Bauch ("Bauch Decl.") Ex. A, ECF No. 46-2.) Boyer consulted a lawyer who advised him that Day's claims lacked merit and she would not likely file suit, so Boyer did not anticipate the legal action. (Reply 5; Boyer Decl. ¶ 25.) Boyer contends that he does not recall ever receiving a Summons and Complaint, notwithstanding Day's Proof of Service, nor notice of default or default judgment. (Mot. 8–9; Boyer Decl. ¶¶ 26–28.) He admits that he had a regular practice of throwing away junk mail without reviewing it and asserts that, in any event, he would not have appreciated the significance of something legal because of his inexperience with legal matters and lack of education. (Boyer Decl. ¶¶ 2, 26–28.)

Although these excuses for Boyer's failure to respond are weak, the Ninth Circuit's approach to this factor is "forgiving, accepting even weak reasons if they reveal mere negligence and carelessness[, not] deviousness or willfulness." *Yagman*, 2013 WL 1287409, at *11 (internal quotation marks omitted) (quoting *E & J Gallo Winery v. Cantine Rallo S.p.A*, 430 F. Supp. 2d 1064, 1088 (E.D. Cal. 2005)).

Nothing before the Court indicates Boyer's conduct was "designed to obtain strategic advantage in the litigation." *TCI Grp.*, 244 F.3d at 698. All he might achieve is the opportunity to defend against Day's claims on the merits. Although Boyer's conduct was certainly not prudent, it is more appropriately characterized as neglectful rather than devious or deliberate. *See, e.g.*, *Anyang Xinyi Elec. Glass Co. v. B & F Int'l (USA) Inc.*, No. CV-15-00862-BRO (AJWx), 2016 WL 7435482, at *5 (C.D. Cal. Aug. 4, 2016) (finding conduct neglectful, not culpable, where the defendant admitted through declarations that it misrepresented facts to the process server as a policy of avoiding unsolicited salespersons and never received the summons and complaint). Although willfulness could possibly be inferred from the facts, those facts could also be explained in a way inconsistent with bad faith. The Court therefore declines to find Boyer's conduct culpable.

Day urges the Court to find Boyer acted culpably based on his practice of throwing away his mail and alleged avoidance of service. (Opp'n 7–8.) However, Boyer attests in his declaration that he does not recall ever being served, he had no intent to avoid service, and if he had been aware of the lawsuit he would have retained counsel and defended himself. (Boyer Decl. ¶¶ 27–28.) Further, Day's revised proof of service, now signed more than a year after she contends such service was completed, appears questionable, and increasingly so in light of Boyer's sworn denials. (*Compare* Bauch Decl. Ex. E (proof of service indicating service on April 18, 2019 but revised and signed on July 21, 2020), *with* Proof of Service, ECF No. 10 (initially filed and dated April 19, 2019).) Faced with these conflicting facts, the Court must resolve doubts in favor of setting aside the default judgment. *See Meadows*, 817 F.2d at 521.

Finally, even were the Court to find Boyer's conduct culpable, the Ninth Circuit has upheld the decision to set aside a default judgment even when a defendant's conduct was culpable, where the defendant had meritorious defenses and the plaintiff would suffer no prejudice. *See Brandt*, 653 F.3d at 1112 (emphasizing that the

inquiry is, "at bottom an equitable one," and that a district court *may* exercise its discretion to deny the motion if it finds the defendant culpable, "*but [it] need not.*" (emphasis added)). As discussed below, Boyer has presented meritorious defenses and Day will suffer no prejudice from allowing the case to be decided on its merits.

### 2. *Meritorious Defense*

The next factor considers whether a defendant has a meritorious defense. *TCI Grp.*, 244 F.3d at 700. A defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). This burden is not a heavy one. *Mesle*, 615 F.3d at 1094. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Id.* Courts do not assess the veracity of the facts alleged on a motion to set aside judgment; that "would be the subject of the later litigation." *Id.* (quoting *TCI Grp.*, 244 F.3d at 700).

Boyer offers several possible defenses which, if proven, would alter the outcome of the suit. (*See* Mot. 16–21.) For instance, each of Day's securities fraud claims is premised on Day's allegation that the MobileCoin tokens were securities under federal and California law. (*See, e.g.*, Compl. ¶ 13; Mot. 17.) However, Boyer asserts this allegation is false, that the MobileCoin tokens were *not* securities under state or federal law, and the SAFT clearly states as much. (Mot. 17; Boyer Decl. ¶ 12, Ex. C ("SAFT") 4, ECF No. 34.) Thus, Boyer has shown that "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Haw. Carpenters' Tr. Funds*, 794 F.2d at 513; *see also Mesle*, 615 F.3d at 1094 (finding it error to reject defendant's sworn assertions in support of facts, which, if true, would constitute a meritorious defense). The offered defenses provide sufficient reason for this case to be heard on the merits.

### 3. Prejudice

The final *Falk* factor considers whether the plaintiff will suffer prejudice if the Court sets aside the default judgment. *TCI Grp.*, 244 F.3d at 701. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Mesle*, 615 F.3d at 1095. Similarly, "merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." *TCI Grp.*, 244 F.3d at 701. "Rather, 'the standard is whether [the] plaintiff's ability to pursue his claim will be hindered.'" *Id.* (brackets omitted) (quoting *Falk*, 739 F.2d at 463).

Here, if the Court sets aside the default judgment, Day's claims will not be hindered as she will have the opportunity to fully litigate the case. The greatest harm that may result would be a delay in the resolution of this matter. Day does not suggest that evidence has been lost or discovery will be more difficult. *Cf. id.* (discussing that loss of evidence or increased difficulties of discovery may be prejudicial). Rather, Day argues that she has already undertaken efforts to enforce the judgment and litigating further will increase her costs. (Opp'n 8.) But costs do not amount to prejudice sufficient to deny Boyer's Motion. *See TCI Grp.*, 244 F.3d at 701 ("[T]he ordinary cost of litigating is simply not cognizable under *Falk's* prejudice factor."). As there are only litigation costs and delay here, neither of which constitutes prejudice, setting aside the default judgment will not prejudice Day. *See Anyang*, 2016 WL 7435482, at *6 (finding no prejudice where the plaintiff would have full opportunity to litigate case).

In sum, the equivocal culpability evidence, presence of meritorious defenses, and lack of prejudice support setting aside the default judgment against Boyer. In light of the Ninth Circuit's strong preference for deciding cases on the merits, *Falk*, 739 F.2d at 463, and for resolving all doubts in favor of setting aside the default judgment, *Meadows*, 817 F.2d at 521, the Court **GRANTS** Boyer's Motion.[4]

---

[4] In light of the Court's disposition, Day's request for fees as a sanction is **DENIED**. (*See* Opp'n 9.)

## V. CONCLUSION

For the reasons set forth above, the Court finds this case should be decided on the merits. Accordingly, the Court **GRANTS** Boyer's Motion to Set Aside Default Judgment. (ECF No. 33.) Boyer is **ORDERED** to file his Answer within **twenty-one days of the date of this Order** and comply with all future procedural deadlines. Failure to file a timely answer may result in the Court entering default judgment. *See United States v. VanDenburgh*, 249 F. App'x 664, 665 (9th Cir. 2007) (finding that a default judgment was appropriate where the defendant failed to follow court order to file answer).

**IT IS SO ORDERED.**

January 4, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**